THOMAS M. FARR, GUARDIAN AD LITEM, ETC., AND ANOTHER, RESPONDENTS, v. FIRST CAMDEN NATIONAL BANK AND TRUST COMPANY, INDIVIDUALLY AND AS TRUSTEE, ETC., APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 9, 1950—Decided January 26, 1950.

See also 4 *N. J. Super.* 89, 66 *A.* 2d 444.

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. William T. Boyle* argued the cause for appellant (*Messrs. Boyle, Archer & Greiner,* attorneys).

*Mr. Thomas M. Farr* argued the cause for respondents.

The opinion of the court was delivered by

COLIE, J. A. D.   First Camden National Bank and Trust Company, as trustee under the will of James W. Bailey and in its individual capacity appeals from that part of a judgment of

the Camden County Court whereby it was ordered that Thomas M. Farr and Howard G. Kulp, Jr., be allowed $6,500 "as a counsel fee for services in connection with the litigation in the Court below, on behalf of said infants, $4,000 to be paid out of the estate, and $2,500 by the trustee in addition to the allowance of $1,950 heretofore awarded by this Court under its judgment entered December 22, 1948."

The County Court judgment under appeal entered on December 22, 1948, was on exceptions to the trustee's first intermediate account. The County Court overruled the exceptions except for an item of $126. On the appeal of the guardians *ad litem* to the Superior Court, the Appellate Division judgment surcharged the trustee in the sum of $47,317.30. Thereafter the then appellants, now respondents, Mr. Farr and Mr. Kulp, made a motion for counsel fees for services in the Appellate Division and the County Court. For services on the appeal the court awarded $1,500 to counsel for the trustee, payable from the trust, and $3,000 jointly to the then appellants, payable from the trust. With reference to the application for counsel fees in the County Court, the memorandum of the Appellate Division said: "We do not feel sufficiently informed concerning the amount of work in the county court to allow a counsel fee for services in that court. Counsel may make an application in that court for an allowance in lieu of, or in addition to, the fees of $1,950 already allowed by that court. * * * The fee and costs will be paid out of the trust *corpus* in the hands of the respondent trustee." On the present appeal, this court is now in no better position to put a value on the services in the County Court than was the Appellate Division when the memorandum quoted above was written. As to payment of a portion of the counsel fee by the Trust Company in its individual capacity, we know of no statutory authority therefor since the repeal of *R. S.* 2:31–86. Whatever authority the probate judge now has stems from *Rule* 3:54–7 and is limited to (a) a matrimonial action, (b) out of a fund in court, (c) in an uncontested foreclosure action and (d) "as provided by these rules or by law with respect to any action, whether or not there is a fund in court."

In the instant case there was a fund in court from which counsel fees could be and were, in part, allowed. The judgment is reversed and remanded to the probate division to allow such fees for legal services out of the fund in court as in its discretion are warranted.